1

2

3

4

5

6

7

8                          United States District Court

9                        Eastern District of California

10

11

12   Mark A. DuRoss,

13          Petitioner,                    No. Civ. S 04-0638 DFL PAN P

14       vs.                               Findings and Recommendations

15   Scott M. Kernan, Warden,

16          Respondent.

17                                -oOo-

18       Petitioner, a prisoner without counsel, seeks a writ of

19   habeas corpus.  <u>See</u> 28 U.S.C. § 2254.  Respondent[1] moves to

20   dismiss upon the ground the petition is untimely.  Petitioner

21   opposes.

22       Petitioner was convicted September 24, 1999.  December 27,

23   2000, the appellate court remanded for the trial court to reduce

24   one felony count to a misdemeanor and to re-sentence petitioner

25   _____

26       [1]  Scott Kernan is substituted as respondent pursuant to Rule 2(a) of
     the Rules Governing Section 2254 Proceedings and Rule 25(d) of the Federal
     Rules of Civil Procedure.

1   accordingly but otherwise affirmed.

2       Petitioner was re-sentenced January 18, 2001.

3       Petitioner filed a petition for review in the California
4   Supreme Court February 1, 2001.  That court denied review March
5   14, 2001.

6       Petitioner filed a habeas petition in the trial court June
7   18, 2001.  That court denied relief July 24, 2001, upon the
8   ground petitioner failed to state a prima facie case.

9       Petitioner filed a habeas petition in the trial court August
10  29, 2001, and the court denied relief October 26, 2001, upon the
11  ground the petition was second or successive and petitioner
12  failed to state a prima facie case for relief.

13      December 18, 2001, petitioner filed a third habeas petition
14  in the trial court. December 21, 2001, petitioner requested the
15  court "omit" the December 18, 2001 petition.  January 4, 2002,
16  the court construed petitioner's request as one for voluntary
17  dismissal and dismissed the petition.

18      June 30, 2003, petitioner filed a fourth petition for a writ
19  of habeas corpus, which the trial court denied July 24, 2003,
20  upon the ground the petition was a "gross abuse of the writ
21  process."  The court advised petitioner to seek relief in the
22  appellate court.

23      Petitioner moved for reconsideration September 4, 2003.  The
24  court denied the motion September 17, 2003.

25      Petitioner filed in the trial court fifth and sixth
26  petitions for a writ of habeas corpus December 30, 2003.  The

1  court denied both January 23, 2004, upon the grounds they were

2  incomprehensible, barred under In re Clark, 21 Cal.Rptr.2d 509,

3  541 (Cal. 1993), failed to state a prima facie case and were a

4  "gross abuse of the writ process."  The court advised petitioner

5  to seek relief in the appellate court.  February 4, 2004,

6  petitioner moved for reconsideration.

7      March 9, 2004, petitioner filed a petition for a writ of

8  habeas corpus in the appellate court.  That court denied relief

9  March 11, 2004.

10     March 30, 2004, petitioner filed his federal petition.

11     April 8, 2004, petitioner filed another petition for a writ

12 of habeas corpus in the trial court.  The court denied relief May

13 18, 2004.  May 23, 2004, petitioner sought reconsideration, which

14 the court denied June 11, 2004.

15     September 13, 2004, petitioner filed another petition for a

16 writ of habeas corpus in the trial court.  The court denied

17 relief October 14, 2004.

18     The trial court denied reconsideration of the fifth and

19 sixth habeas petitions June 11, 2004.

20     A one-year limitation period for seeking federal habeas

21 relief begins to run from the latest of the date the judgment

22 became final on direct review, the date on which a state-created

23 impediment to filing is removed, the date the United States

24 Supreme Court makes a new rule retroactively applicable to cases

25 on collateral review or the date on which the factual predicate

26 of a claim could have been discovered through the exercise of due

3

1  diligence.  28 U.S.C. § 2244(d)(1).  Petitioner's conviction was

2  final June 12, 2001.  <u>See Bowen v. Roe</u>, 188 F.3d 1157 (9th Cir.

3  1999) (judgment on direct review becomes final when the 90-day

4  limit for filing a petition for certiorari expires).  The

5  limitation period is tolled while a properly filed state post

6  conviction application is pending.  28 U.S.C. § 2244(d)(2).

7      Petitioner had until June 12, 2002, to file in federal court

8  and so unless he is entitled to tolling, his March 30, 2004,

9  federal petition is late.

10     For purposes of tolling, a California petitioner's

11  application is "pending" during the time between the decision of

12  a lower court and the filing of a new petition in a higher court

13  so long as petitioner properly is attempting to exhaust state

14  remedies.  <u>Carey v. Saffold</u>, 536 U.S. 214, 223 (2002); <u>Gaston v.</u>

15  <u>Palmer</u>, 387 F.3d 1004, 1016 (9th Cir. 2004) (when a California

16  petitioner pursues relief "as he would in a typical appeal state

17  - i.e., bringing the same claims to the court of first instance,

18  then appealing the denial (or otherwise seeking review) in an

19  expeditious fashion - he will be entitled to interval tolling.").

20  While a petitioner ordinarily will benefit from interval tolling

21  when a court reaches the merits of his habeas application, he

22  will not if his abuse of state court procedures undermines the

23  very purpose of interval tolling, viz., to afford applicants "one

24  full round" of state review to satisfy the federal exhaustion

25  requirement.  <u>Gatson</u>, 387 F.3d at 1016; <u>Chavis v. LaMarque</u>, 382

26  F.3d 921, 925 (9th Cir. 2004).

1    The trial court reached the merits of petitioner's first and

2   second petitions filed June 18, 2001, and August 29, 2001,  which

3   contained different claims and were filed in quick succession,

4   and permitted petitioner voluntarily to dismiss the December 18,

5   2001, petition, which contained two claims made in the first

6   petition and one made in the second petition.  The state court

7   did not find these petitions to be abusive and the delay between

8   them was not undue.

9    Giving petitioner the benefit of construing his first three

10  petitions as "properly filed," a dubious proposition, the

11  limitation period was tolled for 200 days, from June 18, 2001,

12  when petitioner filed his first petition in the trial court until

13  January 4, 2002, when the court permitted voluntary dismissal of

14  the third petition.  That left petitioner until December 29,

15  2002, to file a federal petition.

16   Petitioner's subsequent state habeas petitions provide no

17  basis for tolling under 28 U.S.C. § 2244(d)(2) because they were

18  filed after the limitation period expired.  See Fergusun v.

19  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (section 2244(d)

20  does not permit re-initiation of the limitation period when it

21  expires before a timely state petition for post-conviction relief

22  was filed).

23   Petitioner's March 30, 2004, federal petition is untimely.

24   Accordingly, respondent's December 10, 2004, motion to

25  dismiss should be granted and this action should be dismissed as

26  untimely.

1     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
2  findings and recommendations are submitted to the United States
3  District Judge assigned to this case.  Within 20 days after being
4  served with these findings and recommendations, petitioner may
5  file written objections.  The document should be captioned
6  "Objections to Magistrate Judge's Findings and Recommendations."
7  The district judge may accept, reject, or modify these findings
8  and recommendations in whole or in part.
9     Dated:  June 7, 2005.

10                          /s/ Peter A. Nowinski
                            PETER A. NOWINSKI
11                          Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26